## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the date last written below by and between Xantrex Technology Inc., a Canadian federal corporation having its principal place of business in British Columbia, Canada, and its subsidiary Xantrex International, a partnership with its principal place of business in Barbados, (collectively referred to herein as "Xantrex"), and Power-One Inc. ("Power-One"), a Delaware corporation with headquarters in Camarillo, CA (both Xantrex and Power-One collectively referred to herein as the "Parties") as follows:

## RECITALS

A.  **WHEREAS**, Xantrex Technology Inc. was the original assignee and owner of the United States Design Patent No. D507,528 S (the "'528 patent"). On April 27, 2006, the patent was assigned to Xantrex International, and the assignment was recorded in the U.S. Patent and Trademark Office on May 4, 2006. Additionally, as of November 7, 2004, Xantrex International has been and is the current owner of the European Union Community Registered Designs Nos. 000262332-0001 and 000262332-0002. (The U.S. and European Union patents and any related patents and applications for patents in the U.S. or other countries, including continuations, continuations-in-part, reissues and reexaminations thereof are collectively referred to as "the Patents In Suit"). Xantrex International owns all the rights granted under the Patents in Suit, which refer to a new, original, and ornamental design for solar power inverters, an important component of home solar power systems.

B.  **WHEREAS**, on January 29, 2007, Xantrex Technology and Xantrex International presented Power-One's subsidiary Power-One Italy, S.p.A. with a demand letter alleging infringement of European Union Community Registered Designs Nos. 000262332-0001 and 000262332-0002 by certain products made, used, offered for sale, or sold by Power-One Italy,

S.p.A., including, without limitation, Power-One's products known as the PVI-5000 and PVI-6000 (the "European Assertion").

C.  **WHEREAS**, on September 25, 2007, Xantrex Technology Inc. and Xantrex International jointly filed a complaint (the "Complaint") for patent infringement and injunctive relief in the United States District Court for the Northern District of California, entitled *Xantrex International and Xantrex Technology, Inc. v. Power-One, Inc.* Case No. C07–04958 MEJ (the "Action"), alleging that Power-One has infringed the '528 patent as set forth in the Complaint, by making, using, offering for sale, and selling within the United States, or importing products into the United States, including, without limitation, Power-One's products known as the PVI-5000 and PVI-6000.

D.  **WHEREAS**, the Parties have engaged in negotiations, relative to reaching a settlement, compromise and resolution of all their various claims and allegations relating to the Action and the European Assertion, and have agreed to enter into this Agreement without admitting liability one to the other.

**NOW THEREFORE**, in consideration of the promises and covenants set forth below, the Parties agree as follows:

### AGREEMENT

1.  **DEFINITIONS.** As used in this Agreement:

    1.1  **"Patents In Suit"** means U.S. Patent No. D507,528 S, as well as European Union Community Registered Designs Nos. 000262332-0001 and 000262332-0002, and any related patents and applications for patents in the U. S. or other countries, including continuations, continuations-in-part, reissues and reexaminations thereof.

    1.2  **"Covered Products"** are the models known generally as the PVI-5000 and PVI-6000, as well as all colorably similar grid tie solar & wind inverters sold in any country. The

Covered Products as alleged to infringe the Patents in Suit are exemplified and will be interpreted to apply to the designs of the products as shown in Exhibit A hereto.

**1.3** "**Covered Activity**" means any and all conduct that would infringe or contribute to or induce the infringement of any valid claim of the Patents In Suit in the U.S. and in any other country.

**1.4** "**Redesigned Products**" are those products that are re-designed with respect to the Covered Products. The Redesigned Products are provided in Exhibit B.

**1.5** "**Effective Date**" of this Agreement means the date of its complete execution by the last signing Party or attorney for a Party.

**2.    MUTUAL COVENANTS**

**2.1** Xantrex covenants that it does not claim nor is there pending any application for any design patent or trade dress rights that would be infringed by the design of the Redesigned Products.

**2.2** Power-One agrees that it will not make, use, offer for sale, or sell the Covered Products or devices colorably similar to the Covered Products during the lifetime of the Patents in Suit in the U.S. or in any other country in which Xantrex has a pending design patent application or a granted, maintained design patent having, respectively, pending design claims or granted design claims that cover the Covered Products and deriving priority from the Patents in Suit, or from a priority source in common with the Patents in Suit.

3. **SETTLEMENT**

    3.1 **Dismissal of Action.** Upon execution of this Agreement, Xantrex agrees to dismiss the Action with prejudice. As set forth in Section 5.1 of this Agreement, Xantrex reserves the right to sue Power-One for any breach of this Agreement or future infringement.

    3.2 **Settlement Amount.** Power-One will pay to Xantrex Technology Inc. a single payment in the amount of Fifty Two Thousand Five Hundred dollars (US$ 52,500.00) within twenty (20) days of executing this Agreement by wire transfer, certified check, or as otherwise directed in writing by Xantrex.

    3.3 **Non-Suit.** Power-One agrees not to initiate a suit against Xantrex to challenge the validity or enforceability of the Patents in Suit; provided however that Power-One may reserve all defenses, including validity or enforceability, and may assert such defenses in any action initiated by Xantrex, its successors or assignees

    3.4 **Redesign of Covered Products and Introduction of Similar Product.** Power-One has implemented the Redesigned Products, as of March 31, 2008, and is not offering the Covered Products for sale anywhere in the U.S. or in any country.

    3.5 **No Retrofit.** Power-One will not be obligated to perform any retrofit on any of the Covered Products sold prior to March 31, 2008. In so far as Power-One complies with the terms of this Agreement, Xantrex covenants not to sue Power-One for any infringement of the Covered Products sold prior to March 31, 2008.

4. **RELEASES & DISMISSALS**

    4.1 **Release by Xantrex as to Patent Claims.** For good and valuable consideration received by Xantrex, including payment of the Settlement Amount set forth above, Xantrex, for itself and for its subsidiaries, affiliates, successors, and assigns, releases and forever

discharges Power-One, its past and present subsidiaries, affiliates, directors, officers, employees, successors, assigns, from any and all promises, causes of action, claims, and demands whatsoever in law or in equity arising or claimed to arise out of any infringement or asserted infringement of the '528 patent or either of the European Union Community Registered Designs Nos. 000262332-0001 and 000262332-0002, by any Covered Products manufactured, used, sold, or otherwise transferred by Power-One at any time prior to the Effective Date of this Agreement.

    **4.2**     **Mutual General Releases as between Xantrex and Power-One.** Xantrex, on the one hand, and Power-One, on the other hand, do hereby for themselves and their respective legal successors, heirs and assigns, and for each of its subsidiaries, hereby release and absolutely discharge the other of and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, attorneys' fees, actions and causes of action of every kind and nature whatever, whether now known or unknown, suspected or unsuspected, which either Xantrex, on the one hand, or Power-One, on the other hand, now has, owns or holds, or at any time heretofore ever had, owned or held, or could, shall or may hereafter have, own or hold based upon or arising out of any matter, cause, fact, thing, act, event or omission whatever occurring or existing at any time up to and including the date hereof. Xantrex and Power-One agree that each has been fully advised of the contents of California Civil Code section 1542, and said section, which reads as follows, and its benefits are expressly waived:

> A General Release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**4.3     No Admissions of Liability.** This Agreement and the performance of the obligations referred to herein shall effect the settlement of all claims in the Action, all of which claims are denied and contested.

## 5.     BREACH AND ENFORCEMENT

**5.1     Material Breach.** In the event of any alleged breach by either party of any term of this Agreement, the non-defaulting party shall give written notice to the defaulting party, which will have twenty (20) days to cure any default. Any party to this Agreement that commits a material breach, and does not cure such breach after receiving written notice, may be subject to liability, including attorneys' fees and costs. In addition to any other appropriate remedies, the non-defaulting party may institute court proceedings and seek attorneys' fees, costs, and such other relief deemed just and proper.

**5.2     Authority to Execute.** The Parties hereby represent to each other that no person or entity has any interest in the claims or causes of action referred to herein and that each Party has the right and authority to execute, enter into, and perform their respective obligations under this Agreement, and to make the covenants set forth in Sections 2, 3, and 4 above.

**5.3     No Transfers.** The Parties hereto represent that as of the date hereof they have not transferred, conveyed, alienated, or suffered to be transferred, conveyed or alienated, any claims or cause of action herein released, or any portion thereof.

**5.4     Entire Agreement.** This Agreement contains the entire agreement of the Parties hereto with respect to the subject matter hereof.

**5.5     Voluntary Execution.** Each Party represents that he has carefully read the Agreement, knows and understands the content and consequences thereof, and signs the same

as its own free act, with full consideration and advice of legal counsel and without any mistake, duress or undue influence. In making this Agreement, each Party relies upon its own judgment, belief and knowledge, and has not been influenced in any way by any representations or statements not set forth herein regarding the contents hereof by the entities who are hereby released, or by anyone representing them.

    **5.6**    **Construction of Agreement.** This Agreement is the production of negotiations and preparation by and among the Parties and their respective attorneys. The Parties therefore expressly acknowledge and agree that this release shall not be deemed prepared or drafted by one party or another, or their attorneys, and will be construed accordingly.

    **5.7**    **Modification and Waiver.** No modification or waiver of any of the provisions of this Agreement shall be valid and enforceable unless such modification or waiver is in writing and signed by the Party to be charged, and, unless otherwise stated therein, no such modification or waiver shall constitute a modification or waiver of any other provision hereof (whether or not similar) or constitute a continuing waiver.

    **5.8**    **Retention of Jurisdiction by Court.** The Parties hereby stipulate, acknowledge and agree that the United States District Court for the Northern District of California shall retain jurisdiction over the Action for all purposes pertaining to the execution and performance of the terms and conditions set forth herein, to include entry of judgment pursuant to the terms of the Agreement, and to include any re-filing of any claims or causes of action set forth in the Complaint, and any defenses, counterclaims, declaratory judgment claims, or other claims which could be joined to the Action, or any third parties that could be joined to this Action.

SF #1495851 v2

5.9 **Attorneys' Fees.** Each Party shall bear its own costs and attorneys' fees incurred in connection with this Agreement and in connection with this Action. However, in the event suit is brought by either Party hereto alleging a default under this Agreement, or for any claim, demand or cause of action found to have been discharged hereby, the prevailing Party in such suit shall be entitled to recover reasonable attorneys' fees and costs.

5.10 **Governing Law.** This Agreement shall be construed and enforced pursuant to the laws of the State of California.

5.11 **Severability.** If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute and/or ordinance, then the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

5.12 **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute a single agreement.

5.13 **Headings.** The headings in this Agreement are intended solely for convenience of reference and shall be given no effect in the construction or interpretation of this Agreement.

Dated: July 8, 2008        By: _[signature]_
                                Xantrex Technology Inc.
                           Its: C.E.O.

Dated: July 9, 2008        By: _[signature]_
                                Xantrex International, by its managing partner, Xantrex International SRL
                           Its: MANAGER & SECRETARY

Dated: June 23, 2008       By: _R. Holliday_
                                Power-One, Inc.
                           Its: Randall H. Holliday
                                Secretary and General Counsel

8

SF #1495851 v2